# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

## RICHMOND DIVISION

| | |
|---|---|
| GENNIFER TOWNSLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC UNION BANK,<br><br>Defendant. | Civil Action No. ___3:19cv849___ |

## CLASS ACTION COMPLAINT

Plaintiff Gennifer Townsley, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters:

## INTRODUCTION

1. This is a civil action seeking monetary damages, restitution and injunctive and declaratory relief from Defendant, Atlantic Union Bank ("Atlantic Union"), arising from the unfair and unconscionable assessment and collection of overdraft fees ("OD Fees") and/or non-sufficient funds fees ("NSF Fees") on phantom transactions.

2. Atlantic Union's customers have been injured by Atlantic Union's improper practices to the tune of hundreds of thousands of dollars bilked from their accounts in violation of their agreements with Atlantic Union.

3. On behalf of herself and the Class, Plaintiff brings claims for breaches of contract and the covenant of good faith and fair dealing and unjust enrichment, and seeks damages, restitution, and injunctive relief for Atlantic Union's violations as set forth more fully below.

## JURISDICTION

4. This Court has original jurisdiction over this putative class action lawsuit pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) & (6), because the aggregate sum of the claims of the members of each of the putative classes exceeds $5 million, exclusive of interest and costs, because Plaintiff brings this action on behalf of proposed classes that are each comprised of over one hundred members, and because at least one of the members of each of the proposed classes is a citizen of a different state than Atlantic Union.

## PARTIES

5. Plaintiff Gennifer Townsley ("Plaintiff") is a natural person who resides in Virginia. Plaintiff has a checking account with Atlantic Union.

6. Defendant Atlantic Union is a bank with approximately $17 billion in assets. Atlantic Union is one of the largest banks based in Virginia. Atlantic Union is headquartered in Richmond, VA and maintains branch locations across the Commonwealth of Virginia, Maryland and North Carolina.

7. Plaintiff is informed and believes, and thereupon alleges, that at least one of the members of each of the proposed classes is a citizen of a state other than the Commonwealth of Virginia.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### I. ATLANTIC UNION CHARGES OD FEES AND NSF FEES ON PHANTOM TRANSACTIONS

#### A. Overview of Claim

8. Plaintiff brings this cause of action challenging Atlantic Union's practice of charging OD Fees and NSF Fees on phantom transactions.

9. Several apps and websites, including Square, Airbnb, and PayPal, use a verification process to confirm the validity of a user's bank account, so that the user can then seamlessly send and receive payments.

10. As part of the account opening process, to verify a user's bank account, these entities will deposit and immediately withdraw a tiny amount, usually between one cent and nine cents. This deposit and withdrawal process occurs virtually simultaneously, and is designed solely to ensure the account is valid and the entity can communicate with the account by sending and then debiting a small amount to and from the account.

11. No actual purchase or payment is involved in what is essentially a "test" transaction, and there is no change to the account balance.

12. The bank account linking and verification process usually takes a few minutes.

13. A bank like Atlantic Union is notified and aware of this routine practice, just as it is aware and notified that an accountholder has made no purchase, debit or transaction when third parties verify a consumer's account with this method.

14. Plaintiff signed up for an account with Square, an online service that allowed her to accept credit card payments into her personal bank account.

15. On October 4, 2019, the Square service put this verification process into motion, with the sole and exclusive intent to verify that Plaintiff's account was valid and active. To do this, it deposited one penny, and then immediately withdrew that penny. No purchase or transaction was made by Plaintiff, and no change to her account balance occurred.

16. Nonetheless, Atlantic Union charged Plaintiff a $36 OD Fee when it debited the one penny that had been deposited just minutes earlier.

17. This OD Fee assessment violated Atlantic Union's adhesion contract.

**B. Atlantic Union's Account Contract**

18. Plaintiff has an Atlantic Union checking account, which is governed by Atlantic Union's standardized "Deposit Account Terms and Conditions" document ("Deposit

Agreement"), Ex. A.

19. The one penny verification process did not result in an "overdraft," as that term is used in the Deposit Agreement, both because it was not a "withdrawal request" and because the one penny deduction did not "overdraw" the account:

> Overdrafts - You understand that we may, at our discretion, honor withdrawal requests that overdraw your account. However, the fact that we may honor withdrawal requests that overdraw the account balance does not obligate us to do so later. So you can NOT rely on us to pay overdrafts on your account regardless of how frequently or under what circumstances we have paid overdrafts on your account in the past. We can change our practice of paying, or not paying, discretionary overdrafts on your account without notice to you. You can ask us if we have other account services that might be available to you where we commit to paying overdrafts under certain circumstances, such as an overdraft protection line-of-credit or a plan to sweep funds from another account you have with us. You agree that we may charge fees for overdrafts.

Ex. A at 3.

20. Similarly, the one penny verification process did not result in an "overdraft created," as that phrase is used in Atlantic Union's Overdraft Disclosure, attached hereto as Exhibit B:

> Fees may be imposed for covering overdrafts created by check, in-person withdrawal, ATM withdrawal, or other electronic means such as a debit card. Atlantic Union Bank does not authorize and pay overdrafts for ATM and one-time debit card transactions unless we receive authorization from you to opt in to that service.

Ex. B at 2.

21. The Deposit Agreement also makes clear that the one penny verification process could not result in an OD Fee because there were always funds to "pay" the one penny deduction, since Square placed one penny in the account before deducting that same penny:

> If an item is presented without sufficient funds in your account to pay it, we may, at our discretion, pay the item (creating an overdraft) or return the item (resulting in a NSF). Overdraft, NSF, and other fees are disclosed in the Personal Deposit and Business Deposit Fee Schedules.

Ex. A at 6.

22.     Further, the one penny deduction was not an "item," as that term is used in the Deposit Agreement and associated documents. According to the Personal Deposit Accounts Fee Schedule, attached hereto as Exhibit C:

> OVERDRAFT FEES:
> Non-Sufficient Funds (Per Item Overdraft).............................. $36.00
> Overdraft (Per Item).................................................................. $36.00

Ex. C at 1.

23.     Accordingly, Atlantic Union breached its contractual promises when it charged an OD Fee on the one penny verification process.

### C. Atlantic Union Abuses Contractual Discretion

24.     In the alternative, Atlantic Union's policy was a breach of the express terms of the numerous account documents. In addition, Atlantic Union exploits contractual discretion to the detriment of accountholders when it uses these policies.

25.     It was in bad faith for Atlantic Union to charge OD or NSF Fees in the manner described above. To do so, it abused discretion it provided itself. The Deposit Agreement provides:

> PAYMENT ORDER OF ITEMS - The law permits us to pay items (such as checks or drafts) drawn on your account in any order. We may not process items in the order in which they occurred. **You agree that we may credit items to and debit items from your account by using any method and order of posting which we choose in our sole, unilateral and absolute discretion. We expressly reserve the right to post certain items to your account in order of highest to lowest dollar amount and/or pursuant to any real time posting methodology.**

Ex. A at 6 (emphasis added).

26.     Atlantic Union abused its discretion in choosing an "order of posting" that caused an OD Fee on the one penny verification process.

27.     Atlantic Union also abused discretion when it chose <u>not</u> to use a "real time posting

5

methodology," which would have made an OD Fee on the one penny verification process impossible.

28.     Atlantic Union uses these contractual discretion points unfairly to extract OD Fees on transactions that no reasonable consumer would believe could cause OD Fees.

## II.     CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated pursuant to F.R.C.P. 23. The Class is defined as:

> All persons who hold a Atlantic Union checking account who, within the applicable statute of limitations preceding the filing of this lawsuit, were charged OD Fees or NSF Fees as a result of a verification process on their accounts that resulted in no change to their account balances (the "Class").

30.     Excluded from the Class are Atlantic Union, Atlantic Union's subsidiaries and affiliates, their officers, directors and members of their immediate families and any entity in which Atlantic Union has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

31.     Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add a Subclass(es) if necessary before this Court determines whether certification is appropriate.

32.     The questions here are ones of common or general interest such that there is a well-defined community of interest among the members of the Class. These questions predominate over questions that may affect only individual class members because Atlantic Union has acted on grounds generally applicable to the classes. Such common legal or factual questions include, but are not limited to:

   a) Whether Atlantic Union improperly charged OD Fees or NSF Fees;

  b) Whether the conduct enumerated above violates the contract;

  c) Whether the conduct enumerated above violates the covenant of good faith and fair dealing;

  d) Whether the conduct enumerated above unjustly enriched Atlantic Union; and

  e) The appropriate measure of damages.

33.  The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Atlantic Union's records. Atlantic Union has the administrative capability through its computer systems and other records to identify all members of the Class, and such specific information is not otherwise available to Plaintiff.

34.  It is impracticable to bring Class members' individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

35.  Plaintiff's claims are typical of the claims of the other members of the Class in that they arise out of the same wrongful business practices by Atlantic Union, as described herein.

36.  Plaintiff is more than an adequate representative of the Class in that Plaintiff has an Atlantic Union checking account and has suffered damages as a result of Atlantic Union's contract violations, Atlantic Union's violations of the covenant of good faith and fair dealing, and Atlantic

Union's unjust enrichment. In addition:

    a) Plaintiff is committed to the vigorous prosecution of this action on behalf of

    b) herself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers against financial institutions;

    c) There is no conflict of interest between Plaintiff and the unnamed members of the Class;

    d) Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

    e) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

37. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

38. Atlantic Union has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

39. All conditions precedent to bringing this action have been satisfied and/or waived.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT INCLUDING THE COVENANT OF GOOD FAITH AND FAIR DEALING
**(Individually and on Behalf of the Class)**

40. Plaintiff repeats and incorporates by reference the preceding paragraphs.

41. Plaintiff and all members of the proposed Class contracted with Atlantic Union for checking account services as set forth in the Deposit Agreement.

42. All contracts entered into by Plaintiff and the Class are identical or substantively identical because Atlantic Union's form contracts were used uniformly.

43. Atlantic Union breached the express terms of its own contracts as described herein.

44. Plaintiff and members of the Class have performed all, or substantially all, of the obligations imposed on them under the agreements.

45. Under the laws of the states and the commonwealth where Atlantic Union does business, good faith is an element of every contract. All contracts impose upon each party a duty of good faith and fair dealing. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms, especially where one party has unequal bargaining power as Atlantic Union does here, constitute examples of bad faith in the performance of contracts. Plaintiff and all members of the proposed Class have performed all, or substantially all, of the obligations imposed on them under the contract.

46. Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes their conduct to be justified. Bad faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Examples of bad faith are evasion of the spirit of the bargain and abuse of a power to specify terms.

47. Atlantic Union abused the discretion it granted to itself when it charged OD Fees or NSF Fees in the manner described herein.

48. In these and other ways, Atlantic Union violated its duty of good faith and fair dealing.

49. Atlantic Union willfully engaged in the foregoing conduct for the purpose of (1) gaining unwarranted contractual and legal advantages; and (2) unfairly and unconscionably maximizing fee revenue from Plaintiff and other members of the Class.

50. Plaintiff and members of the Class have sustained damages as a result of Atlantic Union's breaches of the parties' contracts and breaches of contract through violations of the covenant of good faith and fair dealing.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT
### (Individually and on Behalf of the Class)

51. Plaintiff repeats and incorporates by reference the preceding paragraphs.

52. Plaintiff and members of the Class conferred a benefit on Atlantic Union at the expense of Plaintiff and members of the Class when they paid improper OD Fees and/or NSF Fees to Atlantic Union.

53. Atlantic Union knew of the benefit and should have reasonably expected to repay the benefit to Plaintiff and members of the Class but Atlantic Union retained the benefit without paying for its value.

54. Atlantic Union should not be allowed to profit or enrich itself inequitably at the expense of Plaintiff and members of the Class and should be required to make restitution to Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, demands a jury trial on all claims so triable and judgment as follows:

A. Certification for this matter to proceed as a class action on behalf of both proposed Class under Fed. R. Civ. P. 23(b)(2) and 23(b)(3);

B. Declaring Atlantic Union's OD Fee and NSF Fees policies and practices to be wrongful, unfair and unconscionable;

C. Restitution of all OD Fees and NSF Fees paid to Atlantic Union by Plaintiff and the members of the Class, as a result of the wrongs alleged herein in an amount to be determined at trial;

D. Actual damages in an amount according to proof;

E. Injunctive or declaratory relief;

F. Pre- and post-judgment interest at the maximum rate permitted by applicable law;

G. Costs and disbursements assessed by Plaintiff in connection with this action, including

      reasonable attorneys' fees pursuant to applicable law;

H.  For attorneys' fees under the common fund doctrine, and all other applicable law; and

I.  Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: November 14, 2019

Respectfully submitted,

/S/
Patrick T. Fennell (VSB 40393)
Patrick Fennell, Attorney at Law, P.C.
PO Box 12325
Roanoke, VA 24024
Tele: 540-339-3889
patrick@fmtrials.com

Jeffrey Kaliel*
Sophia Gold*
**KALIEL PLLC**
1875 Connecticut Ave. NW 10th Floor
Washington, D.C. 20009
Tel: (202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielpllc.com

Lynn A. Toops*
**COHEN & MALAD, LLP**
One Indiana Square
Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenandmalad.com

J. Gerard Stranch, IV*
**BRANSTETTER, STRANCH & JENNINGS, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gerards@bsjfirm.com

Christopher D. Jennings*
**THE JOHNSON FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, AR 72202
Tel: (501) 372-1300
chris@yourattorney.com

*Pro Hac Vice Applications Forthcoming

*Counsel for Plaintiff and the Proposed Class*